**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SAEED TARKI,

               Petitioner,

    v.

FERETI SEMAIA, et al.,

               Respondents.

Case No.  5:26-cv-01077-JGB-RAO

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On March 8, 2026, petitioner Saeed Tarki ("Petitioner") filed a verified petition for writ of habeas corpus ("Petition") against Fereti Semaia, Warden, Adelanto U.S. Immigration and Customs Enforcement Processing Center; Pamela Bondi, Attorney General of the United States; Acting Secretary, U.S. Department of Homeland Security ("DHS"); Andre Quinones, Acting Director, Los Angeles Field Office, U.S. Immigration and Customs Enforcement ("ICE"); ICE; DHS; and Todd M. Lyons, Acting Director of ICE (collectively, "Respondents"). Dkt. No. 1 ("Pet."). Petitioner raises the following grounds for relief: violation of the Fifth Amendment right to procedural due process; unlawful detention in violation of section 706 of the Administrative Procedure Act ("APA"), for failing to comply with 8 C.F.R. §§ 241.13(i); unlawful detention in violation of 8 U.S.C. § 1231 and the Fifth

Amendment Due Process Clause; violation of section 706 of the APA for failing to comply with 8 C.F.R. § 241.4(l)(2)(iii); and prolonged and indefinite detention in violation of due process. *See id.*

The same date, Petitioner filed an Ex Parte Application for Temporary Restraining Order ("TRO") directing Petitioner's immediate release from custody. Dkt. No. 4. On March 9, 2026, the Court ordered Respondents to provide a response by 12:00 p.m. on March 10, 2026. Dkt. No. 6. On March 10, Respondents filed a response stating that "Respondents are not presenting an opposition argument." Dkt. No. 8.

The Court issued a preliminary injunction ("PI Order"), ordering Petitioner's release from detention on March 11, 2026. Dkt. No. 9. Subsequently, the Court ordered counsel for the parties to file a joint status report and confirm whether a stipulated resolution was anticipated. *See* Dkt. 10.

The parties filed a joint status report on April 8, 2026. Dkt. No. 11. The parties represent that Respondents released Petitioner from custody on March 11, 2026. *Id.* The parties further explain that "[i]n the interest of judicial efficiency, the parties do not object to judgment being granted on the petition consistent with the terms of relief granted by the Preliminary Injunction." *Id.* (citing Dkt. No. 9). The parties also stipulate that if the "Court enter[s] a final judgment consistent with the Preliminary Injunction, it will have res judicata effect on the parties in the future," and "Respondents reserve all rights to appeal the judgment and its basis." *Id.*

In light of the joint status report, the Court sees no reason to depart from its previous analysis and incorporates that analysis herein. *See* Dkt. Nos. 9, 11. Accordingly, the Petition is granted for the same reasons as those set forth in the Court's PI Order. *See id.*

///

///

///

2

Accordingly, IT IS ORDERED that the Petition is GRANTED consistent with the terms of the Court's PI Order.

DATED: May 6, 2026

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

3